| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Vakhe Khodzhayan**<br>1010 N. Central Ave, Ste 450<br>Glendale, CA 91202<br>(818) 245-1340<br> Fax:<br>261996<br>vahe@lawyer.com<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**

| In re:<br><br>**Roni Eskandari**<br><br>Debtor(s). | CASE NO: **2:12-bk-18458-ER**<br><br>CHAPTER: **7** |
|---|---|
| | ADVERSARY NUMBER: |
| Roni Eskandari<br><br>                              Plaintiff(s)<br>Versus<br><br>California State Board of Equalization<br><br>                              Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _<br>**Time:** _<br>**Courtroom:** _ | Place:<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                             Page 1                          **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.1) with an attachment for additional parties if necessary (LBR form F 7016-1.1a). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                                **KATHLEEN J. CAMPBELL**
                                                **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding:

                                        By: _____
                                                      Deputy Clerk

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                   Page 2                               **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**1010 N. Central Ave, Ste 450**
**Glendale, CA 91202**

A true and correct copy of the foregoing document entitled (*specify*):   **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On ____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **June 29, 2015** | **Vakhe Khodzhayan 261996** | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    Page 3    **F 7004-1.SUMMONS.ADV.PROC**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(For Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Roni Eskandari<br>3544 La Crescenta Ave<br>Glendale, CA 91208 | **DEFENDANTS**<br>California State Board of Equalization<br>450 N. Street, MIC: 73<br>Sacramento, CA  95814 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Vakhe Khodzhayan 261996<br>KG Law<br>1010 N. Central Ave, Ste 450<br>Glendale, CA 91202<br>(818) 245-1340 Fax: (818) 245-1341 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[✓] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[✓] Creditor  [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[X] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>**Roni Eskandari** |||| BANKRUPTCY CASE NO.<br>**2:12-bk-18458-ER** |
| DISTRICT IN WHICH CASE IS PENDING<br>**Central District of California** || DIVISION OFFICE<br>**Los Angeles** || NAME OF JUDGE<br>**Ernest Robles** |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Vakhe Khodzhayan<br><br>**Vakhe Khodzhayan** |||||
| DATE<br>**June 29, 2015** || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**Vakhe Khodzhayan** |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Vakhe Khodzhayan (SBN 261996)
KG LAW
1010 N. Central Ave., Suite 450
Glendale, CA  91202
Tel: (818) 245-1340
Fax: (818) 245-1341
vahe@lawyer.com

Attorneys for Plaintiff
RONI ESKANDARI

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**RONI ESKANDARI**<br><br>Debtor<br><br>RONI ESKANDARI,<br><br>Plaintiff<br>v.<br><br>CALIFORNIA STATE BOARD OF EQUALIZATION<br>Defendant | Case Number: 2:12-bk-18458-ER<br><br>**Adversary Case No:**<br><br>Chapter 7<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY** |

Debtor and Plaintiff Roni Eskandari (hereinafter "Plaintiff"), through his counsel of record, complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action to determined whether the assessment against plaintiff claimed to be due by California State Board of Equalization (BOE) for the period of 04/01/08 – 03/31/2009 has been discharged.

2. The court has jurisdiction over the instant adversary proceeding under 28 U.S.C. §§157. The instant adversary proceeding.
3. The instant adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (b)(2)(I) and (b)(2)(K).
4. The instant adversary proceeding is related to Chapter 7 proceeding pending in this judicial district. Venue of the instant adversary proceeding therefore lies in this judicial district pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5. Plaintiff is Chapter 7 Debtor in Case No: 2:12-bk-18458-ER which is pending in the United States Bankruptcy Court for the Central District of California Los Angeles Division.
6. Defendant BOE is an agency of the State of California responsible for administering California Sales and Use Tax. Pursuant to California Revenue and Taxation Code §§7051 et. seq.

## BACKGROUND FACTS

7. Plaintiff operated a business called Costa Mesa Tire & Services, Inc.("CMTS"), which was a business for sales of tires and car related services.
8. The period of operation was from 12/29/2005 – 12/31/2008.
9. After Debtor ceased operations, Debtor filed for bankruptcy of March 12, 2012 and received discharge on June 22, 2012. It was a no asset case.
10. All sales tax returns for the business were timely and properly filed.
11. On January 16, 2013 California State Board of Equalization ("BOE") issued a determination that Debtor owes taxes in the amount of $16,282.21 with interest of $6,025.89 and penalty of $1,868.27 ("Determination"). The determination was for sales taxes that were due to be paid by CMTS.

12. BOE billed the debtor as the responsible person liable for said determination.

13. On March 8, 2012 Debtor filed his chapter 7 petition in bankruptcy case number 2:12-18458-ER. Plaintiff received discharge in that case.

## FIRST CAUSE OF ACTION

### (For a determination that the debt owed to BOE is dischargeable)

14. Plaintiff realleges and incorporates by reference as is set forth fully herein paragraphs 1 through 13 above.

15. The Determination under R & T Code §6829 is not for taxes as that term is used in Bankruptcy Code § 523(a)(1). Rather that liability is a general unsecured debt similar to a personal guarantee of a corporate obligation.

16. As a general unsecured debt, the Determination proposed against Plaintiff is not excepted from discharge under 11 U.S.C. 523. Thus, it was discharged in Plaintiff's chapter 7 bankruptcy case.

## SECOND CAUSE OF ACTION

### (For a determination that the Determination is not a tax of the type described in 11 U.S.C. § 507(a)(8))

17. Plaintiff realleges and incorporates by reference as is set forth fully herein paragraphs 1 through 16 above.

18. The liability of CMTS underlying the Determination against Plaintiff is not a tax on either gross receipts or income.

19. Since the liability asserted against Plaintiff by the BOE is not tax on gross receipts or on income, it is not excepted from discharge under 11 U.S.C. 507(a)(8),

20. To the extent that it is determined that the liability asserted against Plaintiff by BOE is a tax on gross receipts or income it is (1) not with respect to a taxable year ending on or before the date of the filing of Plaintiff's petition for which return was last filed within three years of the petition date, (2) not a tax assessed within 240 days of the

petition date, or (3) not a tax that was assessable but not assessed at the time the petition was filed in Plaintiff's Chapter 7 case.

### THIRD CAUSE OF ACTION

**(For a determination that the Determination is not Excepted from Discharge under 11 U.S.C. § 507(a)(8)(E))**

21. Plaintiff realleges and incorporates by reference as is set forth fully herein paragraphs 1 through 20 above.

22. If the Determination against Plaintiff is a tax, it is an excise tax (1) for which either a return was due more than three years before the filing of the petition in Plaintiff's Chapter 7 case, or (2) with respect to a transaction occurring more than three years before the filing of the petition in Plaintiff's chapter 7 case.

23. Thus the determination against Plaintiff is not excepted from discharge under 11 U.S.C. 523(a)(8)(E).

### FOURTH CAUSE OF ACTION

**(For a determination that to the extent the Determination is for penalties and interest thereon, it is not exempt from discharge under 11 U.S.C. §507(a)(8)(G))**

24. Plaintiff realleges and incorporates by reference as is set forth fully herein paragraphs 1 through 23 above.

25. The portion of the Determination asserted againt Plaintiff that is attributable to penalties and interest thereon is not related to a tax excepted from discharge under 11 U.S.C. 507(a)(8) and in compensation for pecuniary loss. It sis therefore not exempt from discharge under 11 U.S.C. § 507(a)(8)(G).

Wherefore Plaintiff Roni Eskandari prays as follows:

    a. That the Court determine that the Determination asserted against him by BOE was discharged in his Chapter 7 case.

      b. That the court award plaintiff his costs and any other relief that the court deems just and proper.

Dated: 06/052015

By: _____

Vakhe Khodzhayan
Attorney for Plaintiff

COMPLAINT